UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN GABRIEL RODRIGUEZ,

    Petitioner,

v.                                              CIVIL NO. 06-0078 JH/DJS

MICHAEL MARTIN, Warden,

    Respondent.


**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**[1]

1. This a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C.§ 2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR-2004-205 in the Fifth Judicial District, Eddy County, New Mexico. In that proceeding, Petitioner was convicted, pursuant to a plea of no contest, of one count of Retaliation Against a Witness. Pursuant to that conviction, Petitioner was sentenced to a term of incarceration of nine years, to be followed by two years mandatory parole. Seven years of that sentence were suspended.

2. Respondent filed a motion to dismiss the Petition in which he asserts that Petitioner failed to exhaust his state court remedies and that, regardless of his failure to present his claims to the state

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

courts, Petitioner has failed to state a claim upon which he is entitled to relief. After the answer was filed, Petitioner obtained counsel who filed a motion to stay the proceedings while Petitioner presented his claims to the state courts.[2] Petitioner later filed a motion to withdraw (Docket No. 13) the motion to stay (Docket No. 10) on the ground that he had exhausted is state court remedies. Subsequently, Petitioner, through counsel, filed a "Traverse in Support of the Application for a Writ of Habeas Corpus" (Docket No. 14). In his *pro se* petition, Petitioner challenges his convictions on the basis that he was denied trial with legal counsel and that he was denied the opportunity to withdraw his plea. In his traverse, Petitioner contends that his plea was involuntary because it lacked an adequate factual basis and that he was denied effective assistance of counsel.

3. 28 U.S.C. §2254 (b) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal habeas proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Petitioner never filed a direct appeal or a state *habeas* petition prior to bringing the claims in this action. As noted, Petitioner now contends that he exhausted his state court remedies by filing a state *habeas* petition and seeking *certiorari* review by the New Mexico Supreme Court of the denial of that petition. Respondent has not addressed Plaintiff's contention that he has now exhausted his state court remedies. Regardless, a federal court can consider unexhausted claims brought in a §2254 action which are without merit. §28 U.S.C. 2254(b)(2); Hoxsie v. Kerby, 108 F.3d 1239, 1242-43 (10th Cir.) cert. denied, 522 U.S. 844 (1997). In his traverse, Petitioner asserts that he exhausted his state court remedies subsequent to the filing of Respondent's motion to dismiss, providing a copy of a denial of writ of *certiorari* from the New Mexico Supreme Court in support

---

[2]Counsel for Petitioner failed to file an entry of appearance with the Court, in contravention of D.N.M.LR-Civ. 83.3(a).

of that claim.

    4. A guilty plea admits all elements of the charge and waives all non-jurisdictional defects. United States v. Riles, 928 F.2d 339 (10th Cir. 1991). That is to say, a plea of guilty and the ensuing conviction comprehends all of the factual and legal elements to support a binding judgment of guilt. United States v. Broce, 488 U.S. 563 (1989). When a judgment of conviction on a plea of guilty becomes final, additional inquiry is confined to whether the underlying plea was counseled and voluntary. Id. at 569.

    5. Petitioner contends that his guilty plea was involuntary because the prosecution breached its promise to recommend a four-year sentence. The plea agreement is characterized as a "Plea and Disposition Recommendation". Answer, Exhibit B. That document memorializes that the state recommended that Petitioner be sentenced to a basic penalty of three years, that a one year enhancement be applied, and that the execution of the sentence be suspended with the exception of a minimum of one to a maximum of four years. Id. The agreement also states that if the Court concluded that the provisions are unacceptable, the Court would allow withdrawal of the plea. Id. In his traverse Petitioner claims, without presenting any evidence, that the state alleged additional, unsupported facts in aggravation of the recommended sentence and persuaded the Court to impose an eight year sentence.

    6. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262(1971). In his motion to dismiss, Respondent contends that the plea agreement was met by the prosecution, as the only promise conveyed was for a recommended sentence. "[T]o protect the plea bargaining defendant from overreaching by the

prosecutor and to insure the integrity of the plea bargaining process, the most meticulous standards of both promise and performance must be met by the government." United States v. Ingram, 979 F.2d 1179, 1184 (7th Cir.1992). The prosecution may not "accomplish 'through indirect means what it promised not to do directly.' " United States v. Hawley, 93 F.3d 682, 692 (10th Cir.1996) (quoting United States v. Hand, 913 F.2d 854, 856 (10th Cir.1990)) (internal quotation marks omitted). In determining whether the government fulfilled its obligations, federal courts consider not only attorneys' explicit statements but also the implications of those statements, noting that the government may breach an agreement by "thinly disguised ... effort[s] to persuade the court in a way that the government promised it would not do." United States v. Brye, 146 F.3d 1207 1213 (10th Cir. 1998) (quoting Hawley, 93 F.3d at 693). Petitioner's allegations in his traverse go to those concerns.

    7. Similarly, Petitioner, through counsel, uses the traverse to vastly expand the conclusory allegations in his petition, claiming ineffective assistance of counsel on several grounds. Those allegations are not addressed in the answer or the motion to dismiss, made well before the traverse was filed. Respondent should respond to Petitioner's expanded allegations, especially in light of the deference afforded the state *habeas* decision. See Elliot v. Williams, 248 F.3d 1205, 1207 (10th Cir. 2001) (If a state court ruled upon the merits of a *habeas* petitioner's claims, a federal court may grant his petition only if the petitioner can establish that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case).

    8. Given Petitioner's assertions concerning the plea hearing, review of that hearing and the sentencing hearing might allow the expeditious resolution of this matter without the necessity of an

evidentiary hearing.

## RECOMMENDED DISPOSITION

That Respondent be directed to file an Amended Answer to the Petition incorporating Petitioner's state *habeas* and any other state post-conviction proceedings which also addressed Petitioner's Traverse (Docket No. 14); that Respondent's Motion to Dismiss (Docket No. 7) be denied, without prejudice to Respondent's ability to renew that motion following an amended Answer; that Petitioner's Motion to Stay (Docket No. 10) be denied; that Petitioner's Motion to Withdraw Motion to Stay (Docket No. 13) be granted; and that Respondent be directed to file transcripts of the plea proceeding and the sentencing hearing in State v. John Gabriel Rodriguez, No. CR-2004-205 in the Fifth Judicial District, Eddy County, New Mexico. Further, that this matter be referred to the Magistrate Judge for further findings and a proposed ultimate disposition once the foregoing has occurred.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**