# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**JOHN GABRIEL RODRIGUEZ**,

   Petitioner,

v.                                            **CIVIL NO. 06-0078 JH/DJS**

**MICHAEL MARTIN, Warden**,

         Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.  This a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C.§ 2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR-2004-205 in the Fifth Judicial District, Eddy County, New Mexico. In that proceeding, Petitioner was convicted, pursuant to a plea of no contest, of one count of Retaliation Against a Witness. Pursuant to that conviction, Petitioner was sentenced to a term of incarceration of nine years, to be followed by two years mandatory parole. Seven years of that sentence were suspended.

2. Respondent filed a motion to dismiss the Petition in which he asserts that Petitioner failed to exhaust his state court remedies and that, regardless of his failure to present his claims to the state courts, Petitioner has failed to state a claim upon which he is entitled to relief. After the answer was

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

filed, Petitioner obtained counsel and, through counsel, filed a "Traverse in Support of the Application for a Writ of Habeas Corpus" (Docket No. 14). In his *pro se* petition, Petitioner challenges his convictions on the basis that he was denied trial with legal counsel and that he was denied the opportunity to withdraw his plea. In his traverse, Petitioner contends that his plea was involuntary because it lacked an adequate factual basis and that he was denied effective assistance of counsel. The Court recommended that the motion to dismiss be denied and that Respondent provide the state court record proper as well as file an Amended Answer (Docket No. 15). That recommendation was adopted by the District Judge (Docket No. 18). Respondent filed both the Record Proper and an Amended Answer. Subsequently, Respondent filed a second Motion to Dismiss (Docket No. 19). Petitioner filed a response to that motion (Docket No. 26) and no reply in support of it has been submitted.

3. At the time he filed the instant federal *habeas* petition, Petitioner had not been denied *habeas* relief from the New Mexico courts. Respondent's initial motion to dismiss noted this failure and argued that the petition should be dismissed for failure to exhaust state remedies and that it should be dismissed for failure to state a claim cognizable in a *habeas* proceeding. Petitioner filed a motion to stay the proceedings, seeking a stay to allow him to complete  state *habeas* proceedings. Before the Court ruled on the motion to dismiss or the motion to stay, Petitioner's state *habeas* petition was denied and *certiorari* review of that denial by the New Mexico Supreme Court was declined. The proposed findings and Order referenced above were then entered.

4. Respondent contends that Petitioner's traverse raises new claims not made in the *habeas* petition and relies upon facts not contained in the petition. Respondent argues that it was improper for the Court to order a response based upon the traverse, as the claims therein were not properly presented in the original petition. Respondent asserts that, if the traverse is construed as an amended

*habeas* petition, the claims therein do not properly relate back to the original petition under Fed.R.Civ.P. 15(c) and the holding of Mayle v. Felix, 545 U.S. 644, 650 (2005). In his response to the motion to dismiss, Petitioner contends that the traverse clarifies the legal theories contained in the his *pro se* petition and relies upon the same core of operative facts.

5. In Mayle v. Felix, 545 U.S. 644 (2005), a federal *habeas* petitioner filed his petition for relief under 28 U.S.C. §2254 within the one-year period of limitation imposed by 28 U.S.C. §2244(d)(1). However, after that one year period would have expired and after he was appointed counsel to represent him in his federal *habeas* proceeding, the petitioner filed an amended petition raising new grounds for relief. Mayle, 545 U.S. at 648-49. The Supreme Court held that an amended *habeas* petition does not relate back to the original pleading, and thus escape the one-year period of limitation, if it asserts new claims that differ in both time and type from those asserted in the original pleading. Id. At 650.

6. In this instance, Petitioner's conviction became final when the time for direct appeal expired, thirty days after the entry of his judgment and sentence. 28 U.S.C. §2241(d)(1)(A); Rule 12-201(A)(2) NMRA.. Petitioner's appeal became final on March 14, 2005. Petitioner filed the instant federal *habeas* petition on January 25, 2006. He did not file his state *habeas* petition until July 20, 2006, well after the one year period of limitation imposed by §2241(d) expired.[2] Therefore, Petitioner is in the same position as the petitioner in Mayle and this Court must decide whether the claims in the Petitioner's traverse properly relate back to those asserted in his original pleading.

7. Petitioner's first claim for relief, as mentioned, is "denial of trial with legal counsel". Petition, p. 6 (Docket No. 1). For supporting facts, Petitioner states "Ref: Exhibit A to claim one of

---

[2]Federal *habeas* petitions do not toll the one-year period of limitations imposed by 28 U.S.C. §2241. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

this petition". Id. As exhibits to the petition, Petitioner included the minutes from his sentencing hearing, his judgment and sentence, his plea agreement, the transcript of a brief plea hearing held on December 6, 2004, four un-numbered pages with the initial heading "facts", followed by "applicable laws and authority" and "argument" and several pages from the New Mexico Rules of Criminal Procedure and Rules of Evidence, and one other un-numbered page with the header "argument". The transcript of the hearing shows that Petitioner was told that his request for a continuance in light of his decision, made the day before, to change attorneys and go to trial, would be denied and that trial would proceed the second day. Petitioner's second claim is stated as "Denial to withdraw plea on no-contest and court's failure to allow petitioner to do so after rejection of the plea disposition".  Petition, p. 7. For supporting facts, Petitioner states "Ref: Exbit B" (sic). In the un-numbered pages following the petition, Petitioner refers under "Facts" to the true bill against him being based upon hearsay evidence.

8. In the traverse, Petitioner contends that his plea was involuntary because the prosecution breached its promise to recommend a four-year sentence and because there was in inadequate factual basis to support the guilty plea. In addition, Petitioner contends that he was denied the effective assistance of counsel, leading him to enter an involuntary no contest plea. More specifically, Petitioner asserts that his attorney failed to conduct an adequate pre-trial investigation, continued to represent him after a breakdown in the attorney-client relationship, failed to file appropriate pre-trial motions,  misrepresented the consequences of Petitioner's plea, and failed to provide effective assistance at sentencing. As a second claim, Petitioner contends that he was denied the assistance of counsel at his preliminary hearing when his appointed counsel failed to appear in court, leading him to waive that hearing and denying him the assistance of counsel at a critical stage of the hearing.

9. Fed.R.Civ.P. 15(c)(2) provides that pleading amendments relate back to the original

4

pleading when the claim asserted in the amended plea "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." <u>Mayle</u>, 545 U.S. at 664. Despite Petitioner's assertion of "denial of trial with legal counsel" in his *pro se* petition, the Court cannot fairly read that pleading to contain any claim of ineffective assistance of counsel given the attachments to the petition and the text of the grounds for relief. Petitioner mentions none of the specific failures of counsel later indicated in the traverse. Further, the petition makes no mention of his attorney's failure to appear leading him to waive his preliminary hearing.

10. Petitioner's assertion in his traverse that the prosecution breached a promise, rendering his plea involuntary does relate back to the original pleading. As noted by Petitioner in his traverse, he attached a "Plea and Disposition Recommendation" to his *habeas* petition in which the state recommended that he be sentenced to a minimum of one year and a maximum of four years and that his sentence be enhanced (due to a prior felony conviction) for only one year. The agreement also states that, if after reviewing the agreement and any presentence report the court concludes that any of its provisions are unacceptable the court will allow the withdrawal of the plea. In his traverse, Petitioner alleges that the prosecutor alleged additional unsupported facts at sentencing which persuaded the court to impose his eight-year sentence. This claim might fairly be said to relate back to Petitioner's claim regarding "Denial to withdraw plea on no-contest and court's failure to allow petitioner to do so after rejection of the plea disposition" on page 7 of the Petition if the Court assumes the broadest possible interpretation of that *pro se* pleading. Respondent argues that the claim in the petition rests upon an assertion that the trial court abused its discretion in refusing Petitioner's request to withdraw his no contest plea. While that is the most likely reading of the

Petition, the traverse does rely upon the operative facts of an involuntary plea and failure to follow the disposition recommended in the plea agreement. In his response to the second Motion to Dismiss, Petitioner characterizes the Traverse as "clarif[ying] the legal theories which were tied to the same operative facts alleged in the original, *pro se* Petition." Docket No. 26, p. 10. Given the inartful pleading of the Petition, the inclusion of the plea recommendation as an exhibit to the Petition, and the assertion of an involuntary plea in the Petition along with reference to the recommended disposition, the Court agrees with that representation as to this claim.

11. Petitioner's assertion in his traverse that his plea lacked an adequate factual basis relies upon his colloquy with the court at sentencing. Petitioner contends that he did not intend to exact revenge upon the victim and did not know that the victim had been a witness in any criminal prosecution and that he conveyed that information at sentencing. The Petition does not contain any mention of the sentencing colloquy, nor does it contain any assertion that Petitioner did not know that the victim was a witness in a criminal proceeding. Therefore, the assertion of this claim in the traverse cannot relate back to the Petition.

12. To the extent that Petitioner's traverse raises new claims for habeas relief, as it does in asserting that Petitioner was not afforded effective assistance of counsel and that his no contest plea was not supported by an adequate factual basis, those claims are untimely pursuant to 28 U.S.C. 2241(d) and are therefore subject to dismissal.

**MERITS**

13. Petitioner's claim that he was denied trial with legal counsel fails to state a claim upon which he is entitled to relief. A guilty plea admits all elements of the charge and waives all non-jurisdictional defects. United States v. Riles, 928 F.2d 339 (10th Cir. 1991). That is to say, a plea of guilty and the ensuing conviction comprehends all of the factual and legal elements to support

a binding judgment of guilt. <u>United States v. Broce</u>, 488 U.S. 563 (1989). When a judgment of conviction on a plea of guilty becomes final, additional inquiry is confined to whether the underlying plea was counseled and voluntary. <u>Id.</u> at 569. Further, Petitioner did not raise this claim in the state *habeas* petition which he initiated after he filed this §2254 action. Amended Answer (Docket No. 18), Exhibit E. As such, he has failed to present it to the New Mexico courts and has failed to exhaust his state remedies as to the claim. For all of these reasons, it is subject to dismissal.

14. Petitioner's claim that his no contest plea was involuntary because the prosecutor breached a promise to recommend a four-year maximum sentence also fails to state a claim entitling him to *habeas* relief. This claim was considered on the merits by the New Mexico courts when Petitioner's state *habeas* petition was denied. Answer, Exhibit F. The New Mexico *habeas* court held that Petitioner acknowledged orally and in writing the range of possible sentence and held that the plea agreement was only a recommendation. <u>Id.</u> Review of the tape recording of the plea hearing contained in the record proper reveals that the trial court emphasized to Petitioner that the plea agreement contained only a recommendation, and that he was facing a possible sentence of incarceration for twelve years. Because the New Mexico courts ruled upon the merits of his claim, Petitioner must show the state court's conclusion is opposite to that reached by the Supreme Court on a question of law; or that the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or that it unreasonably applied the governing legal principle to the facts of the prisoner's case. <u>Elliot v. Williams</u>, 248 F.3d 1205, 1207 (10th Cir. 2001) (citing <u>Williams v. Taylor</u>, 529 U.S. 362 (2000)). In addition, this court "presume[s] the factual findings of the state court are correct unless petitioner can rebut this presumption by clear and convincing evidence." <u>Smallwood v. Gibson</u>, 191 F.3d 1257, 1265 (10th Cir. 1999) (citing § 2254(e)(1)).

15. "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262(1971). The prosecution may not "accomplish 'through indirect means what it promised not to do directly.' " United States v. Hawley, 93 F.3d 682, 692 (10th Cir.1996) (quoting United States v. Hand, 913 F.2d 854, 856 (10th Cir.1990)) (internal quotation marks omitted). In determining whether the government fulfilled its obligations, federal courts consider not only attorneys' explicit statements but also the implications of those statements, noting that the government may breach an agreement by "thinly disguised ... effort[s] to persuade the court in a way that the government promised it would not do." United States v. Brye, 146 F.3d 1207 1213 (10th Cir. 1998) (quoting Hawley, 93 F.3d at 693).

16. In his traverse Petitioner asserts that the prosecutor falsely accused him of using a firearm to assault the victim, insisted that the victim's family felt threatened by Petitioner's behavior, and sought an enhanced penalty based upon a previous felony. Taking the last first, the plea agreement specifies that the state would seek a one-year enhancement due to his prior felony conviction. Further, although a prosecutor may not do "end-runs" around its plea agreements, "the government must bring all relevant facts to the judge's attention." United States v. Ramon Mata-Grullon, 887 F.2d 23, 24 (1st Cir.1989) (cited in United States v. Hand, 913 F.2d 854, 857 (10th Cir. 1990)). It is improper to attempt to persuade a sentencing judge to reject a promised recommendation, but eliciting factual information does not necessarily reach that level. Hand, 913 F.2d at 857, n. 3. For example, "[d]isclosure of information as to the nature of the offense and each defendant's role is proper and within the Government's duty to provide, despite a promise that the Government would make no recommendation as to sentence." United States v. Stemm, 847 F.2d 636, 639 (10th Cir.1988). Review of the record proper reveals nothing more than a recounting of

8

the facts which led to the charge against Petitioner.

17. In this case, Petitioner has not demonstrated that the prosecutor argued against the promised recommendation in the plea agreement so as to render his plea involuntary. As noted, the agreement contemplated the prosecution raising and seeking an enhancement of the sentence for Petitioner's prior felony conviction. In fact, that prior conviction and the crimes of which Petitioner was convicted are referred to in the judgment and sentence. Further, Petitioner has not established that the prosecutor's description of his use of a firearm or characterization that the victim's family felt threatened by his behavior was anything more than a description of the nature of the offense. Moreover, Petitioner has not shown that the decision of the New Mexico *habeas* court is contrary to Federal law or resulted in a decision based upon an unreasonable determination of the facts. Accordingly, he is not entitled to relief on this claim.

**RECOMMENDED DISPOSITION**

That the Petition be denied and this matter be dismissed.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**